IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAUL DILLON, and | ) | |
| TAMMY DILLON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. <u>08-282-GPM</u> |
| | ) | |
| JERRY ZANG, M.D., ILLINOIS- | ) | |
| INDIANA EM-I MEDICAL | ) | |
| SERVICES, S.C., a | ) | |
| corporation,  UNION | ) | |
| COUNTY HOSPITAL, a public | ) | |
| hospital, and THE UNITED | ) | |
| STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## J U R I S D I C T I O N

Jurisdiction is pursuant to the Federal Tort Claims Act (FTCA), Title 28, U.S.C. §2674.  Supplemental jurisdiction over Non-FTCA claims lies pursuant to Title 28, U.S.C. §1367.

## C O M P L A I N T

### COUNT I
(Paul Dillon - Negligence v. Jerry Zang, M.D.)

Comes now the plaintiff, by and through his attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count I of his Complaint against the defendant, JERRY ZANG, M.D., states:

1.    That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and

-1-

Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.    That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.    That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

-2-

7.    That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.    That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.    That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.   That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

a)   Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;

b)   Negligently and carelessly failed to admit plaintiff to the hospital;

c)   Negligently and carelessly failed to prescribe aspirin to plaintiff;

-3-

12.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.  That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

-4-

<u>**COUNT II**</u>
(Paul Dillon - Negligence v. Illinois-Indiana EM-I
Medical Services, S.C.)

Comes now the plaintiff, by and through his attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count II of his Complaint against the defendant, ILLINOIS-INDIANA EM-I MEDICAL SERVICES, S.C., states:

1.     That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.     That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.     That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

-5-

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.    That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.    That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.    That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.   That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

a)   Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;

b)   Negligently and carelessly failed to admit plaintiff to the hospital;

c)   Negligently and carelessly failed to prescribe aspirin to plaintiff;

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses,

and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.


### COUNT III
(Paul Dillon - Negligence v. Union County Hospital)

Comes now the plaintiff, by and through his attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count III of his Complaint against the defendant, UNION COUNTY HOSPITAL, states:

1.    That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.    That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.   That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.   That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.   That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.   That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.   That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.   That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.   That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.   That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

     a)   Negligently and carelessly failed to communicate to the emergency room physician reports of near-syncopic episodes;

     b)   Negligently and carelessly failed to communicate to the emergency room physician Plaintiff's history of hypertension;

     c)   Negligently and carelessly failed to communicate to the emergency room physician Plaintiff's history of nausea and vomiting;

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his

-10-

damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT IV
(Paul Dillon - Apparent Agency v. Union County Hospital)

Comes now the plaintiff, by and through his attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count IV of his Complaint against the defendant, UNION COUNTY HOSPITAL, states:

1.   That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.    That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.    That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.    That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.   That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.   That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.   That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

a)   Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;

b)   Negligently and carelessly failed to admit plaintiff to the hospital;

c)   Negligently and carelessly failed to prescribe aspirin to plaintiff;

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff

-13-

has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT V
(Paul Dillon - Negligence v. United States of America)

Comes now the plaintiff, by and through his attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count V of his Complaint against the defendant, UNITED STATES OF AMERICA, states:

1.   That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of

defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.    That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.    That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.  That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.  That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.  That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.  That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.  That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

> a)  Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;
>
> b)  Negligently and carelessly failed to admit plaintiff to the hospital;
>
> c)  Negligently and carelessly failed to prescribe aspirin to plaintiff;

-16-

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT VI
(Tammy Dillon - Loss of Consortium v. Jerry Zang, M.D.)

Comes now the plaintiff, by and through her attorney, **THOMAS Q. KEEFE, JR., P.C.,** and for Count VI of her Complaint against

the defendant, JERRY ZANG, M.D., states:

1.   That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.   That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.   That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.   That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.   That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.   That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.   That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.   That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.   That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.   That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

        a)   Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;

        b)   Negligently and carelessly failed to admit plaintiff to the hospital;

-19-

c) Negligently and carelessly failed to prescribe
aspirin to plaintiff;

12. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart. Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future. Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13. That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

## COUNT VII
(Tammy Dillon - Loss of Consortium v. ILLINOIS-INDIANA
EM-I MEDICAL SERVICES, S.C.)

Comes now the plaintiff, by and through her attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count VII of her Complaint against the defendant, ILLINOIS-INDIANA EM-I MEDICAL SERVICES, S.C., states:

1.   That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.   That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.   That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.    That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.    That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.    That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.   That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

      a)   Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;

      b)   Negligently and carelessly failed to admit plaintiff to the hospital;

      c)   Negligently and carelessly failed to prescribe aspirin to plaintiff;

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses,

-23-

and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

**COUNT VIII**

(Tammy Dillon - Loss of Consortium v. Union County Hospital)

Comes now the plaintiff, by and through her attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count VIII of her Complaint against the defendant, UNION COUNTY HOSPITAL, states:

1. That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2. That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3. That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said

-24-

hospital.

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.    That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.    That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.    That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.    That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

      a)   Negligently and carelessly failed to communicate to the emergency room physician reports of near-syncopic episodes;

      b)   Negligently and carelessly failed to communicate to the emergency room physician Plaintiff's history of hypertension;

      c)   Negligently and carelessly failed to communicate to the emergency room physician Plaintiff's history of nausea and vomiting;

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship,

consortium, and support from her husband to which she was entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT IX
(Tammy Dillon - Apparent Agency - Loss of Consortium
v. Union County Hospital)

Comes now the plaintiff, by and through her attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count IX of her Complaint against the defendant, UNION COUNTY HOSPITAL, states:

1.    That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.    That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.    That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said

-27-

hospital.

4.    That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.    That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.    That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.    That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.    That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.    That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.    That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its agents, servants and employees was guilty of one or more of the following negligent acts or omissions:

> a)   Negligently and carelessly failed to identify plaintiff's symptoms of chest pain and acute EKG changes as acute coronary syndrome;
>
> b)   Negligently and carelessly failed to admit plaintiff to the hospital;
>
> c)   Negligently and carelessly failed to prescribe aspirin to plaintiff;

12.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and he has suffered severe, painful, and permanent injuries, including permanent injuries to his heart.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to his usual affairs and duties and has lost wages and income, past, present and future, all to his damage in a substantial amount.

13.   That as a direct and proximate result of the negligence and carelessness of the defendant as aforesaid, and the injuries and damages suffered by Paul Dillon, Tammy Dillon has suffered permanent injuries in that she has incurred and become liable for large sums of money in hospital, medical and related expenses, and has been permanently deprived of the love, companionship, consortium, and support from her husband to which she was

entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

**COUNT X**

(Tammy Dillon - Loss of Consortium v. United States of America)

Comes now the plaintiff, by and through her attorney, **THOMAS Q. KEEFE, JR., P.C.**, and for Count X of her Complaint against the defendant, UNITED STATES OF AMERICA, states:

1.   That on or about February 19, 2006, the defendant, Jerry Zang, was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant and employee of defendant, Illinois-Indiana EM-I Medical Services, S.C., and Illinois corporation, when he and they assumed the care of plaintiff Paul Dillon in the emergency room at Union County Hospital for complaints of chest pain.

2.   That on or about said date, the defendant, Union County Hospital, was a public hospital, licensed to practice medicine, when it, by and through its agents, servants and employees assumed the care of plaintiff Paul Dillon in its emergency room for complaints of chest pain.

3.   That on or about said date, and all times herein mentioned, the defendant, Union County Hospital, acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Dr. Jerry Zang was an employee or agent of said hospital.

4.   That on or about said date, the acts of Jerry Zang, M.D., created the appearance of authority and defendant Union County Hospital had knowledge and acquiesce in them.

5.   That on or about said date Paul Dillon acted in reliance upon the conduct of the defendant Union County Hospital and Dr. Zang.

6.   That on or about said date, defendant Union County Hospital, held itself out as a provider of medical care without informing the plaintiff that the care provided by Dr. Jerry Zang was that of an alleged independent contractor.

7.   That on or about said date and all times herein mentioned, plaintiff relied upon defendant Union County Hospital to provide him care rather than Dr. Jerry Zang.

8.   That on or about February 21, 2006, and at all times herein mentioned, William Ribbing, was a medical doctor, specializing in family practice, and an agent, servant and employee of Rural Health, Inc., which is in turn an employee of Defendant United States of America, when he and they assumed the care of plaintiff Paul Dillon for complaints of chest pain.

9.   That at all time herein mentioned, the plaintiff, Paul Dillon, was a citizen and resident of the State of Illinois.

10.  That at all times herein mentioned, the plaintiff, Tammy Dillon, was the lawful wedded wife of plaintiff Paul Dillon.

11.   That defendant, individually, and by and through its
agents, servants and employees was guilty of one or more of the
following negligent acts or omissions:

      a)   Negligently and carelessly failed to identify
          plaintiff's symptoms of chest pain and acute EKG
          changes as acute coronary syndrome;

      b)   Negligently and carelessly failed to admit
          plaintiff to the hospital;

      c)   Negligently and carelessly failed to prescribe
          aspirin to plaintiff;

12.   That as a direct and proximate result of one or more of
the foregoing negligent acts or omissions on the part of the
defendant as aforesaid, plaintiff's condition went undiagnosed
and untreated and he has suffered severe, painful, and permanent
injuries, including permanent injuries to his heart.  Plaintiff
has incurred and become liable for large sums of money in
hospital, medical and related expenses and will become liable for
additional sums in the future.  Plaintiff has been permanently
prevented from attending to his usual affairs and duties and has
lost wages and income, past, present and future, all to his
damage in a substantial amount.

13.   That as a direct and proximate result of the negligence
and carelessness of the defendant as aforesaid, and the injuries
and damages suffered by Paul Dillon, Tammy Dillon has suffered
permanent injuries in that she has incurred and become liable for
large sums of money in hospital, medical and related expenses,
and has been permanently deprived of the love, companionship,
consortium, and support from her husband to which she was

entitled.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.


      /s/Thomas Q. Keefe, Jr.
THOMAS Q. KEEFE, JR.
Ill. Reg. No. 03123418
Attorney for Plaintiff


**THOMAS Q. KEEFE, JR., P.C.**
**ATTORNEY AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS  62226**
**618/236-2221**
**618/236-2194 (Facsimile)**